## Smallwood v. Commonwealth.

(Decided Nov. 29, 1932.)

JOHN W. CAUDILL and OSCAR P. BOND for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

White Smallwood was convicted of the crime of manslaughter and condemned to serve two years in the penitentiary. He has prosecuted an appeal from the judgment, and has assigned several grounds for a reversal. The commonwealth concedes that if the evidence tended to show that Smallwood was a peace officer attempting to apprehend Mullins, the man who was killed, the instructions were inadequate because of failure to define the rights of the defendant in such circumstances. Gipson v. Com., 215 Ky. 710, 286 S. W. 1069; Shelton v. Com., 226 Ky. 460, 11 S. W. (2d) 125; Mullins v. Com., 219 Ky. 60, 292 S. W. 471.

The evidence was sufficient to raise an inference that Smallwood was a peace officer and acting in that capacity when the killing occurred. The first witness for the commonwealth testified that Smallwood was an officer, and that he had John Henry Hatfield and Dow Hall under arrest. Another witness testified that he anticipated trouble when Smallwood started to arrest Mullins, and he ran up to see if anybody got killed. He had seen Smallwood arrest Hatfield and Hall, who were companions of Mullins, and Mullins had gone on up a creek. Mullins was flourishing a pistol as he proceeded. Smallwood testified that he was an officer of Floyd county, but did not state what office he held. Yet he stated that he had made the two arrests, and that he was attempting to arrest Mullins when the trouble occurred. Dow Hall testified to the arrest of himself and Hatfield. Johnny Hall stated that Smallwood was an officer and stated facts showing that Smallwood was in discharge of his duties in arresting Hatfield, Hall, and Mullins for offenses committed in his presence.

Although meager, the evidence leaves no room to doubt that Smallwood was a peace officer with authority to make arrests. Certainly it was sufficient to take the question to the jury, and to require the court to instruct accordingly. Doubtless the court and counsel knew the official character of the defendant and overlooked the fact that the testimony was indefinite upon that point. No denial or contradiction of the testimony mentioned was made, and nothing appears to indicate that Smallwood was not acting lawfully and in good faith in making the arrests in question. We are less inclined to enforce a rigid rule in construing the evidence, because the supplemental record permitted to be filed shows that Smallwood was the victim of perjury in this case. The two witnesses that testified to the only material facts against him were subsequently indicted for perjury committed on the trial of Smallwood. One of them entered a plea of guilty, and the other was convicted of the crime. Hence, it is clear that no injustice will be done in granting a new trial.

The other questions argued need not be discussed or determined at this time.

Judgment reversed for a new trial not inconsistent with this opinion.